IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| JERRY DRINKARD,<br><br>               Petitioner<br><br>VS.<br><br>DAVID FRAZIER, WARDEN,,<br><br>               Respondent | NO.  3:08-CV-25 (CDL)<br><br>PROCEEDINGS UNDER 28 U.S.C. §2254<br>BEFORE THE U.S. MAGISTRATE JUDGE |

## RECOMMENDATION

On March 28, 2008, petitioner JERRY DRINKARD filed the instant petition seeking federal habeas corpus relief. Tab #1. On May 27, 2008, respondent DAVID FRAZIER, Warden of Hancock State Prison, filed a response thereto as well as a motion seeking to dismiss this petition contending that it is untimely filed under the Anti-Terrorism and Effective Death Penalty Act (AEDPA). Tab #7 and Tab #8. On June 18, 2008, the undersigned entered an order requiring petitioner DRINKARD to file a response to the respondent's motion seeking dismissal within twenty (20) days of his receipt thereof. Petitioner failed to file a response by the aforementioned deadline or since.

### FACTUAL BACKGROUND

Petitioner DRINKARD was indicted by an Elbert County grand jury on June 25, 1996, for rape, statutory rape, aggravated child molestation, and incest. Following a jury trial, petitioner was convicted of all charges and sentenced, on October 22, 1997, to life imprisonment for rape, thirty (30)years for aggravated child molestation, to be served consecutively, and twenty (20) years each for statutory rape and incest, to be served concurrently with the sentence for aggravated child molestation. The Georgia Court of Appeals affirmed petitioner's convictions and sentences on March 3, 2000. *Drinkard v. State*, No. A99A2137 (Ga. App. March 3, 2000) (unpublished).

On July 12, 2004, petitioner filed a <u>state</u> habeas corpus petition in the Superior Court of Hancock County, challenging his Elbert County convictions. Following a hearing, the state habeas corpus court denied relief in an order filed June 21, 2005. The Georgia Supreme Court granted petitioner's application for a certificate of probable cause to appeal and subsequently affirmed the state habeas court's denial of relief on October 16, 2006. The Georgia Supreme Court denied petitioner's motion for reconsideration on November 6, 2006.

On March 26, 2008, petitioner submitted the instant petition for filing, challenging his Elbert County jury trial convictions. Thereafter, on May 27, 2008, respondent FRAZIER filed the instant MOTION TO DISMISS arguing that the federal petition was untimely filed.

## LEGAL STANDARD

The provisions of the AEDPA, 28 U.S.C. §2244(d) provide as follows:

*(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of–*

> *(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*
>
> *(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such by State action;*
>
> *(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or*
>
> *(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.*

*(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.*

## DISCUSSION

In support of his Motion to Dismiss, respondent FRAZIER contends that petitioner's convictions became final on March 13, 2000, ten (10) days after the Georgia Court of Appeals affirmed the petitioner's convictions on appeal. Respondent next notes that the petitioner had one year in which to file a federal petition or toll the applicable limitations period by filing a state collateral attack. According to the respondent, since the petitioner waited until July 12, 2004 to file his state collateral attack, there was no time left to toll or in which to timely file a federal petition. As such, respondent FRAZIER concludes that the instant petition is untimely filed and should therefore be dismissed with prejudice.

The undersigned finds the respondent's analysis of the application of the one-year limitations period to petitioner's case to be persuasive. The time elapsed between the petitioner's conviction becoming final and the filing of the petitioner's state habeas action totaled one-thousand-five-hundred-eighty-two (1582) days. This amount of time clearly exceeds the one-year period of limitations. Thus, petitioner DRINKARD's *federal* habeas petition was untimely filed. Accordingly, the instant motion to dismiss should be **GRANTED** and the instant petition for habeas corpus **DISMISSED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned, WITHIN TEN (10) DAYS after being served with a copy thereof. The Clerk is directed to serve the petitioner at the **LAST ADDRESS** provided by him.

SO RECOMMENDED, this 29th day of OCTOBER, 2008

CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE